IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARSENIO ANAYA,

    Petitioner,

v.                                                      CV No. 21-834 KG/CG

FNU HATCH, et al.,

    Respondents.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Petitioner Arsenio Anaya's *Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody* (the "Petition"), (Doc. 1), filed August 26, 2021; Respondents' *Answer to Arsenio Anaya's* Pro Se *Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Doc. 1]* (the "Answer"), (Doc. 10), filed January 13, 2022; and Mr. Anaya's *Response to Chief Magistrate Judge Carmen E. Garza* (the "Response"), (Doc. 11), filed January 24, 2022. This matter was assigned to the undersigned on August 26, 2021. Thereafter, on December 15, 2021, United States District Judge Kenneth J. Gonzales referred this case to the undersigned to perform legal analysis and recommend an ultimate disposition. (Doc. 5).

After considering the parties' filings, the record, and the relevant law, the Court **RECOMMENDS** that the Petition, (Doc. 1), be **DENIED** and that this case be **DISMISSED WITH PREJUDICE**.

**I.**     **Factual Background**

This case stems from Mr. Anaya's arrest in 2018 for driving while intoxicated ("DWI"). *See* (Doc. 1 at 1). On the night of September 8, 2017, New Mexico State Police Officer Gabriel Waters was stationed at a DWI checkpoint on Highway 65 in San Miguel

County, New Mexico. (Doc. 10-1 at 38). Officer Waters observed a vehicle, which he later determined was driven by Mr. Anaya, make a U-turn in an effort to avoid the checkpoint. *Id.* When Officer Waters "activacted [his] emergency equipment" in an attempt to stop Mr. Anaya, Mr. Anaya fled, reaching speeds as high as sixty miles per hour in a twenty-five mile per hour zone. *Id.* Once the pursuit concluded, Officer Waters conducted a felony traffic stop. *Id.* Officer Waters learned that Mr. Anaya had an outstanding warrant, and he placed Mr. Anaya under arrest. *Id.* At that time, Officer Waters observed clues indicating Mr. Anaya was intoxicated. *Id.* Mr. Anaya denied consuming any alcohol that night, refused to perform the standardized field sobriety tests, and refused to submit to a breath alcohol test. *Id.*

After Officer Waters transported Mr. Anaya to the New Mexico State Police Office for booking, Officer Waters submitted an affidavit for a nighttime search warrant, seeking to perform a blood alcohol test on Mr. Anaya. (Doc. 10-1 at 38); *see also* (Doc. 10-1 at 181-185). In his affidavit, Officer Waters described Mr. Anaya's driving as follows:

> Vehicle turned around before approaching a DWI checkpoint[.] I activated my emergency equipment[.] Vehicle failed to immediately stop[.] Vehicle accelerated and continued south on El Llano Road[.] Vehicle continued to drive in the middle of the road straddling the painted double yellow lines[.]

*Id.* at 182. The affidavit noted that Officer Waters "saw the vehicle being driven . . . at approximately 60 mph in a 25 mph posted zone." *Id.*

The affidavit indicated that Office Waters arrested Mr. Anaya for "an outstanding Warrant . . ., Resisting, evading or obstructing an officer[,] and [] Persons Under the Influence of Intoxicating Liquor or Drugs." *Id.* The affidavit further stated that "[a]t approximately the same time, [Officer Waters] did a check

on [Mr. Anaya's] driving history in New Mexico . . . [which] revealed that [Mr. Anaya] has had at least seven prior convictions for Persons Under the Influence of Intoxicating Liquor or Drugs." *Id.* The affidavit stated that "[b]ecause of this alleged driving history, the present offense would be a felony pursuant to NMSA 1978, § 66-8-102(G)." *Id.* On the basis of Officer Waters' affidavit, the San Miguel County magistrate judge issued the requested nighttime search warrant. *Id.* at 186. Later that night, Mr. Anaya's blood was successfully drawn. *Id.* at 187.

Thereafter, Mr. Anaya was charged with aggravated driving under the influence of intoxicating liquor or drugs (refuse testing) (eighth or subsequent offense), a second degree felony in violation of NMSA 1978 §§ 66-8-102(D)(3) and 102(K), attempted fleeing a law enforcement officer, a fourth degree felony in violation of NMSA 1978 § 30-22-1.1, and several lesser traffic offenses. (Doc. 10-1 at 1-2).

## II.   Procedural Background

Several months later, on April 30, 2018, Mr. Anaya entered into a plea agreement, in which he admitted to several prior DWI convictions spanning from 1996 through 2014, and pled guilty to aggravated driving under the influence of intoxicating liquor or drugs (eighth or subsequent offense), a second degree felony in violation of NMSA 1978 §§ 66-8-102(D)(3) and 102(G), aggravated fleeing a law enforcement officer, a fourth degree felony in violation of NMSA 1978 § 30-22-1.1, and driving while license revoked-DWI related, a misdemeanor in violation of NMSA 1978 § 66-5-39.1. (Doc. 10-1 at 81-83).

In the months following his change of plea, Mr. Anaya sent several letters to the Fourth Judicial District Court, San Miguel County (the "state trial court"), raising concerns with the plea agreement and with the blood draw conducted on the night of his arrest. *See* (Doc. 10-1 at 63-73). On July 2, 2018, for instance, Mr. Anaya sent a letter complaining that the blood draw was unconstitutional and asking the state trial court's permission to file a motion challenging it. *Id.* at 63-66. On August 1, 2018, Mr. Anaya sent a letter complaining that his lawyer provided bad advice and lied to him about the plea agreement. *Id.* at 68-70. On October 23, 2018, Mr. Anaya sent a letter generally complaining that his rights were violated, and raising issues with his bond and his continued pretrial detention. *Id.* at 71-73. Then, on May 29, 2019, Mr. Anaya moved to withdraw his guilty plea on the ground that he did not enter into it knowingly, voluntarily, and intelligently, which the state trial court denied. *Id.* at 75-77, 90.

On February 27, 2020, the state trial court sentenced Mr. Anaya to ten years of imprisonment followed by two years of parole. *Id.* at 92-98. On March 31, 2020, Mr. Anaya filed a motion with the state trial court to reconsider his sentence, arguing that the sentence imposed was harsh, and that the underlying plea was unconstitutional. (Doc. 10-1 at 100-101). On August 28, 2020, while the motion to reconsider his sentence was pending, Mr. Anaya filed a direct appeal of his conviction with the New Mexico Court of Appeals (the "state court of appeals"). *Id.* at 106-114. Thereafter, while the motion to reconsider his sentence was pending with the state trial court and his direct appeal was pending with the state court of appeals, Mr. Anaya filed a second motion with the state trial court to reconsider his sentence, as well as a motion for immediate release from custody and a state habeas petition. *Id.* at 146-157. On April

16, 2021, the state trial court denied all relief by omnibus order, *id.* at 161, and on April 27, 2021, the state court of appeals dismissed Mr. Anaya's appeal as untimely and as waived, *id.* at 158-160.

On June 16, 2021, Mr. Anaya petitioned the New Mexico Supreme Court (the "state supreme court") for a writ of certiorari. *Id.* at 163-168. Around the same time, however, he filed two petitions with this Court pursuant to 28 U.S.C. § 2254. (Doc. 1 in 21-cv-460 WJ/GJF); (Doc. 1 in 21-cv-650 JCH/SCY). The Court dismissed both of these § 2254 petitions without prejudice due to Mr. Anaya's failure to exhaust state remedies. (Doc. 6 in 21-cv-460 WJ/GJF); (Doc. 2 in 21-cv-650 JCH/SCY). On August 5, 2021, the state supreme court denied Mr. Anaya's writ of certiorari. (Doc 10-1 at 172). On August 6, 2021, Mr. Anaya filed his third petition pursuant to 28 U.S.C. § 2254 in this Court— the instant Petition—and he now appears before this Court *pro se*.[1] (Doc. 1); (Doc. 17).

## III. Exhaustion of State Court Remedies

As an initial matter, a habeas petition filed pursuant to 28 U.S.C. § 2254 cannot be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b). Exhaustion requires that a claim be pursued "through one complete round of the State's established appellate review process, giving the state courts a full and fair opportunity to correct alleged constitutional errors." *Selsor v. Workman*, 644 F.3d 984, 1026 (10th Cir. 2011) (citation and quotations omitted). The exhaustion requirement is still satisfied even if the highest

---

[1] Mr. Anaya's instant claims are not second or successive because his two previous habeas petitions were dismissed without prejudice for failure to exhaust his state court remedies. *See Slack v. McDaniel*, 529 U.S. 437, 473 (2000).

5

court exercises its discretion not to review the case. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Mr. Anaya petitioned the New Mexico Supreme Court—the state's highest court—for a writ of certiorari, pursuant to Rule 12-501 of the New Mexico Rules Annotated, which "governs petitions . . . seeking review of denials of habeas corpus petitins by the district court[.]" NMRA 12-501(A); (Doc. 10-1 at 163-168). In the petition for a writ of certiorari, Mr. Anaya contended he "was made to give [a] blood draw test which consists of a violation of [his] right to be free from [] illegal searches and seizures." *Id.* at 164-165. The state supreme court then denied Mr. Anaya's petition. (Doc. 10-1 at 170). Mr. Anaya thus fully pursued his Fourth Amendment claim within New Mexico's state court system. Moreover, Respondents concede the issue of exhaustion, stating "[t]o the extet that any exhaustion-related issues may remain, Respondents waive the requirement." (Doc. 10 at 11, n.5). The Court therefore finds that Mr. Anaya has satisfied the exhaustion requirement for his Fourth Amendment claim.

**IV.    Standard of Review for § 2254 Petitions**

As a *pro se* litigant, Mr. Anaya's Petition is to be "liberally construed." *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted). Liberal construction requires courts to make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted). Indeed, *pro se* litigants are held to "less stringent standards" than those expected of lawyers. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972). However, a *pro se* litigant's pleadings are to be judged by the same legal standards that apply to all litigants, and he must still abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). In addition, a court cannot "assume the role of advocate" for the litigant, nor is it required to fashion his arguments for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citations omitted).

Further, the Court's review of Mr. Anaya's Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), because he filed it after April 24, 1996. *See* (Doc. 1, dated Aug. 20, 2021); *see also* (Doc. 10 at 8-9). Under 28 U.S.C. § 2254, a person in state custody may petition a federal court for relief on the ground that he is in custody in violation of the United States Constitution or laws. § 2254(a). A petition under § 2254 may not be granted unless the state court judgment either: (1) resulted in a decision contrary to or involving an unreasonable application of clearly established federal law, as determined by the United States Supreme Court; or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented. *Id.* §§ 2254(d)(1)-(2). Factual findings are presumed correct and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. *Id.* § 2254(e)(1).

A state court decision is "contrary to" clearly established law if it: (1) "applies a rule that contradicts the governing law set forth" in Supreme Court cases, or; (2) "confronts a set of facts that are materially indistinguishable" from a Supreme Court decision and "nevertheless arrives at a result different from" the Supreme Court

7

decision. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Similarly, a state court decision constitutes an "unreasonable application" of federal law when a state "unreasonably applies" Supreme Court precedent "to the facts of a prisoner's case." *Id*. at 409. The state court decision must be more than incorrect or erroneous. *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citation and quotation omitted). Rather, the application "must be 'objectively unreasonable.'" *Id*. (quoting *Williams*, 529 U.S. at 409). This imposes a highly deferential standard of review, and state court decisions must be given the benefit of the doubt. *Id*.

**V.      Analysis**

In his Petition, Mr. Anaya seeks relief from his conviction on the ground that the blood draw performed on the night of his arrest constituted an illegal search and seizure in violation of the Fourth Amendment. (Doc. 1 at 5, 15). In particular, Mr. Anaya argues that the search warrant was not supported by an allegation that he "committed a felony or caused death or great bodily injury while driving under the influence of alcohol[.]" (Doc. 11 at 1); *see also* (Doc. 1 at 5). Respondents maintain that the blood draw was constitutional. (Doc. 10 at 11). First, Respondents explain that Mr. Anaya "was stopped for; charged with; and ultimately pled guilty to, fourth-degree aggravated fleeing a law enforcement officer[.]" *Id.* at 15. Second, Respondents state that "[a] DUI can serve as the underlying felony offense establishing probable cause to justify a search warrant to draw blood under NMSA 1978, § 66-8-111(A)." *Id.*

**A.      <u>Procedural Prerequisite to Federal Fourth Amendment Claim</u>**

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures"

and provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. A blood draw conducted at the direction of the police is a search and seizure under the Fourth Amendment. *See Schmerber v. California*, 384 U.S. 757 (1966). When a person does not consent to a blood draw, officers must obtain a search warrant or establish probable cause and exigent circumstances to justify a warrantless search. *Birchfield v. North Dakota*, 579 U.S. 438, 136 S. Ct. 2160, 2185-86. (2016).

Procedurally, "a state prisoner may not be granted federal habeas relief on the ground that evidence was obtained in an unconstitutional search or seizure so long as the State 'provided an opportunity for a full and fair litigation' of Fourth Amendment claims." *Matthews v. Workman*, 577 F.3d 1175, 1194 (10th Cir. 2009) (quoting *Stone v. Powell*, 428 U.S. 465, 482 (1976)). For this rule to apply, and thus bar a habeas petitioner's Fourth Amendment claim, "the state must have provided, in the abstract, a mechanism by which to raise the Fourth Amendment claim, and the presentation of the claim in the case before the court must not have been frustrated by failure of that mechanism." *See Gilbert v. Parke*, 763 F.2d 821, 823 (6th Cir. 1985). If these two criteria are satisfied, federal habeas review of the Fourth Amendment claim is precluded, even if the federal court deems the state-court determination of the claim to have been in error. *Id.* Although Respondents do not raise *Stone* as a bar to Mr. Anaya's Fourth Amendment claim, the Court may raise *Stone sua sponte. See Thomas v. Cowley*, No. 90-6105, 1991 WL 151773, at *4 (10th Cir. Aug. 8, 1991) (unpublished) (citing *Davis v. Blackburn*, 803 F.2d 1371, 1372 (5th Cir. 1986)).

As to the first of the criteria, New Mexico has in place a state procedural mechanism that provides a full opportunity to raise a Fourth Amendment claim pre-trial. That is, evidence gathered in violation of the protection against an unreasonable search is subject to the exclusionary rule. *State v. Wagoner*, 2001-NMCA-014, ¶ 29, 130 N.M. 274. New Mexico courts have consistently acknowleged their duty to suppress evidence seized in violation of the federal and state constitutions. *See*, *e.g.*, *State v. Davis*, 2015-NMSC-034, 360 P.3d 1164 (affirming Court of Appeals determination that evidence seized as a result of unconstitutional search warranted suppression); *State v. Trudelle*, 2007-NMCA-066, 142 N.M. 18 (affirming trial court's decision to suppress evidence obtained pursuant to a defective search warrant).

Second, the option to file a motion to suppress the blood draw evidence was fully available to Mr. Anaya. Instead of filing such a motion, Mr. Anaya chose to enter into a plea agreement, in which he also agreed to "give[] up any and all motions, defenses, objections, or requests which the defendant has made or raised, or could assert hereafter, to the court's entry of judgment and imposition of a sentence consistent with this agreement." (Doc. 10-1 at 58). Mr. Anaya had approximately seven months between his arrest in September 2017 and his change of plea in April 2018 to seek suppression of the blood draw evidence, but he chose not to do so. *See*, *e.g.*, *Miranda v. Cooper*, 967 F.2d 392, 401 (10th Cir. 1992) (holding that *Stone* barred consideration of a claim because petitioner did not raise it in state court despite the opportunity to do so).

The fact that the state trial court later refused to consider the constitutionality of Mr. Anaya's blood draw does not change the analysis. After Mr. Anaya had entered into

the plea agreement, he began to raise Fourth Amendment complaints with the state trial court, and ultimately filed a motion to withdraw his guilty plea in the hopes of challenging the constitutionality of the blood draw. *See* (Doc. 10-1 at 63-77). The state trial court denied the motion, finding that Mr. Anaya understood the plea agreement, fully participated in its colloquy, and entered into it knowingly, intelligently, and voluntarily. *Id.* at 90. As a result, the state trial court did not consider the Fourth Amendment claim. *Id.*; *see also* (Doc. 10-1 at 160) (state appellate court dismissing appeal partly due to Mr. Anaya having "waived his right to appeal by entering into an unconditional plea agreement").

It was foreseeable that pleading guilty would foreclose Mr. Anaya's ability to challenge the constitutionality of the blood draw. *See Riley v. Gray*, 674 F.2d 522, 527 (6th Cir. 1982) ("hold[ing] that federal habeas relief is available when a criminal defendant is not allowed to fully present his fourth amendment claim in the state courts because of unanticipated and unforeseeable application of a procedural rule which prevents state court consideration of the merits of the claim"); *see also*, *e.g.*, *State v. Hodge*, 1994-NMSC-087, 118 N.M. 410 (stating that a voluntary guilty plea acts as a waiver of statutory or constitutional rights); *State v. Chavarria*, 2009-NMSC-020, 146 N.M. 251 (same). Thus, the state trial court's refusal to consider Mr. Anaya's Fourth Amendment claim was not a breakdown of the mechanism but rather an instance of it functioning as intended.

Therefore, Mr. Anaya is procedurally barred from obtaining federal habeas relief for his Fourth Amendment claim because the state courts provided him an opportunity for a full and fair litigation of his claim. *See Stone*, 428 U.S. at 482.

B.  **Search Warrant for Blood Draw**

Even if Mr. Anaya's Fourth Amendment claim were not procedurally barred, it otherwise lacks merit. As stated above, the Fourth Amendment requires that when a person does not consent to a blood draw, officers must either obtain a search warrant or establish probable cause and exigent circumstances to justify a warrantless search. *Birchfield*, 579 U.S. 438. In New Mexico, the Implied Consent Act governs search warrants for blood draws in connection with suspected DWI. *See* NMSA 1978 § 66-8-101, *et seq*. The statute requires

> probable cause to believe the person has driven a motor vehicle while under the influence of alcohol or a controlled substance, thereby causing the death or great bodily injury of another person, *or there is probable cause to believe that the person has committed a felony* while under the influence of alcohol or a controlled substance and that chemical tests . . . will produce material evidence in a felony prosecution.

NMSA § 66-8-111(A) (emphasis added).

Here, the subject search warrant was predicated on Officer Water's belief that Mr. Anaya had committed a felony while driving under the influence. In his affidavit for the search warrant, Officer Waters stated that after he had "activated [his] emergency equipment," Mr. Anaya "failed to immediately stop" his vehicle and then "accelerated" to "approximately 60 mph in a 25 mph posted zone." (Doc. 10-1 at 182). Under these facts, Office Waters believed Mr. Anaya had committed the offense of aggravated fleeing, a fourth degree delony. *See* NMSA 1978, § 30-22-1.1 (2003) ("Aggravated fleeing a law enforcement officer consists of a person willfully and carelessly driving his vehicle in a manner that endangers the life of another person after being given a visual

or audible signal to stop[.]"). Indeed, Mr. Anaya was thereafter charged with felony aggravated fleeing. *See* (Doc. 10-1 at 2, 4, 9).

Moreover, Officer Waters also stated in his affidavit that he discovered Mr. Anaya "had at least seven prior" DWI convictions, which rendered his instant DWI a felony. (Doc. 10-1 at 184); *see also* NMSA 1978, § 66-8-102(G) ("[u]pon an eighth or subsequent conviction pursuant to this section, an offender is guilty of a second degree felony"). This felony constituted a valid felony to support a search warrant under the Implied Consent Act, despite Mr. Anaya's contention otherwise. *See State v. Duquette*, 2000-NMCA-006, ¶ 16, 128 N.M. 530, 534 (holding that a DWI offense can be the felony needed to obtain a search warrant for a blood draw).

Accordingly, even if Mr. Anaya were not procedurally barred from raising his Fourth Amendment claim before this Court, he has nevertheless failed to show that the search warrant to obtain his blood violated the Fourth Amendment.

## VI.  Conclusion

For the foregoing reasons, the Court finds that Mr. Anaya has not established that the state courts' decisions in this case were contrary to or unreasonable applications of clearly established federal law, or that they were based on unreasonable determinations of fact in light of the evidence presented. The Court further finds that Mr. Anaya should not be issued a certificate of appealability pursuant to 28 U.S.C. § 2253(c), because he has failed to make a substantial showing of the denial of a constitutional right.

The Court therefore **RECOMMENDS** that Mr. Anaya's *Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody*, (Doc. 1), be **DENIED**; and that this case be **DISMISSED WITH PREJUDICE**.

The Court further **RECOMMENDS** that the Court **DECLINE** to issue a certificate of appealability, because Mr. Trujillo has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c).

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE