IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ARSENIO ANAYA,

       Petitioner,

v.　　　　　　　　　　　　　　　　　　　　　　　　　　CV No. 21-834 KG/CG

FNU HATCH, et al.,

       Respondents.

## ORDER ADOPTING CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Chief Magistrate Judge Carmen E. Garza's *Proposed Findings and Recommended Disposition* (the "PFRD"), (Doc. 19), filed April 13, 2022; In the PFRD, the Chief Magistrate Judge recommended the Court deny Mr. Anaya's *Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody* (the "Petition"), and dismiss this case with prejudice. (Doc. 19 at 14).

The Court informed the parties that written objections to the PFRD were due within fourteen days of the date the PFRD was filed. *Id*. Neither party filed objections and the deadline for doing so has passed. This Court will therefore adopt the Chief Magistrate Judge's recommendation that Mr. Anaya's Petition be DENIED.

The Court will not, however, dismiss this matter with prejudice at this time. To explain, days before the Chief Magistrate Judge filed the PFRD, Mr. Anaya filed a second § 2254 petition, raising the same claim as he raised in the instant Petition: that the blood draw performed on the night of his arrest constituted an illegal search and seizure in violation of the Fourth Amendment. *Compare* (Doc. 20 at 3) *with* (Doc. 1 at 5, 15). With the filing of this second petition, a new case was opened. *See Anaya v. Hatch*, 1:22-cv-231 KWR/KK.

Then, after the Chief Magistrate Judge had already filed the PFRD in the instant case, the presiding judge in the second case administratively closed the second case, and ordered the Clerk of the Court to instead file Mr. Anaya's second petition on the docket in the instant case. *See* (Doc. 2 at 3 in 1:22-cv-231 KWR/KK). In particular, the presiding judge properly construed the second petition not as a second or successive habeas petition but rather as a motion to amend the instant Petition. *See id.* ("Section 2244 does not address whether a second pro se habeas petition, filed before a final ruling on the first habeas petition, is subject to the limitations on second or successive claims. Most courts hold § 2244 does not apply, and 'when a [second habeas] motion is filed before adjudication of an initial [habeas] motion is complete, the district court should construe the second [filing] . . . as a motion to amend the pending' habeas pleading.'") (additions in original) (quoting *Ching v. U.S.*, 298 F.3d 174, 177 (2d Cir. 2002)).

This Court likewise construes Mr. Anaya's second petition to be a motion to amend the instant petition since he filed it while his first petition was pending. *See Ching*, 298 F.3d at 177; *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (applying this rule of construction to § 2254 petitions); *U.S. v. Williams*, 185 Fed. App'x 917, 919 (11th Cir. 2006) (applying the rule to § 2255 motions). As such, the Court will not dismiss this case without first allowing the parties an opportunity to brief Mr. Anaya's motion to amend, in accordance with our local rules. *See* D.N.M.LR-Civ. 7.4.

IT IS THEREFORE ORDERED that Mr. Anaya's *Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody* is DENIED.

IT IS FURTHER ORDERED that Respondents shall file their response, if any, to Mr. Anaya's motion to amend his § 2254 Petition, (Doc. 20), by no later than June 17, 2022; and Mr. Anaya shall file his reply, if any, by no later than by July 5, 2022.

3

IT IS SO ORDERED.

_____
UNITED STATES DISTRICT JUDGE