**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ARSENIO ANAYA,

        Petitioner,

v.                                                                                                                         No. CV 21-834 KG/CG

FNU HATCH, et al.,

        Respondents.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court on Plaintiff Arsenio Anaya's *Petition for Writ of Habeas Corpus*, (Doc. 20), filed March 28, 2022; his *Petition for Writ of Habeas Corpus*, (Doc. 22), filed May 25, 2022; his *Petition for Writ of Habeas Corpus*, (Doc. 24), filed June 9, 2022; Respondents' *Response in Opposition to Arsenio Anaya's Pro Se Combined Motion to Amend his Petition for Writ of Habeas Corpus (28 U.S.C. § 2254) [Docs. 20, 22, and 24]* (the "Response"), (Doc. 25), filed June 14, 2022; and Mr. Anaya's *Application for Certificate of Appealability*, (Doc. 26), filed July 11, 2022.

The Court construes Mr. Anaya's second and third petitions, (Doc. 20); (Doc. 22), as a Motion to Amend the instant petition as he filed them while his first petition was pending. *See Ching v. U.S.*, 298 F.3d 174, 177 (2d Cir. 2002); *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008) (applying this rule of construction to § 2254 petitions); *U.S. v. Williams*, 185 Fed. App'x 917, 919 (11th Cir. 2006) (applying the rule to § 2255 motions). The Court construes Mr. Anaya's fourth petition, (Doc. 24), and his *Application for Certificate of Appealability*, (Doc. 26), as supplements to this Motion to Amend.

On December 15, 2021, United States District Judge Kenneth J. Gonzales referred this case to the undersigned to perform legal analysis and recommend an

ultimate disposition. (Doc. 5). The Court, having considered the parties' briefing, the record, and the relevant law, **RECOMMENDS** that Mr. Anaya's Motion to Amend be **DENIED**, and that this matter be **DISMISSED WITH PREJUDICE**.

I.   Background

This case stems from Mr. Anaya's arrest on September 8, 2017, for driving while intoxicated ("DWI"). *See* (Doc. 1 at 1). Mr. Anaya fled a DWI checkpoint on Highway 65, and New Mexico State Police Officer Gabriel Waters pursued Mr. Anaya, who reached speeds as high as sixty miles per hour in a twenty-five mile per hour zone. (Doc. 10-1 at 38). Mr. Anaya had an outstanding warrant at that time, and Officer Waters placed him under arrest, at which time he observed clues indicating Mr. Anaya was intoxicated. *Id.* Officer Waters then transported Mr. Anaya to the New Mexico State Police Office and, based on an affidavit which included his observations, obtained a nighttime search warrant which authorized a blood alcohol test on Mr. Anaya. *Id.* Later that night, Mr. Anaya's blood was drawn. *Id.* at 187.

On April 30, 2018, Mr. Anaya entered into a plea agreement, in which he admitted to several prior DWI convictions spanning from 1996 through 2014, and pled guilty to aggravated driving under the influence of intoxicating liquor or drugs (eighth or subsequent offense), a second degree felony in violation of NMSA 1978 §§ 66-8-102(D)(3) and 102(G), aggravated fleeing a law enforcement officer, a fourth degree felony in violation of NMSA 1978 § 30-22-1.1, and driving while license revoked-DWI related, a misdemeanor in violation of NMSA 1978 § 66-5-39.1. *Id.* at 81-83.

On February 27, 2020, the state trial court sentenced Mr. Anaya to ten years of imprisonment followed by two years of parole. *Id.* at 92-98. Mr. Anaya subsequently

filed a direct appeal, as well as various motions with the state trial court, arguing that his plea deal was unconstitutional. *Id.* at 100-101, 106-114, 146-157. The state trial court and the state court of appeals denied all his requested relief. *Id.* at 158-161. On June 16, 2021, Mr. Anaya petitioned the New Mexico Supreme Court for a writ of certiorari, which was denied on August 5, 2021. *Id.* at 163-168, 172.

On August 6, 2021, Mr. Anaya filed his Petition pursuant to 28 U.S.C. § 2254 in this Court, and he now appears before this Court *pro se*.[1] (Doc. 1); (Doc. 17). In his *Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody* (the "Original Petition"), (Doc. 1), filed August 26, 2021, Mr. Anaya sought relief from his conviction on the ground that the blood draw performed on the night of his arrest constituted an illegal search and seizure in violation of the Fourth Amendment. (Doc. 1 at 5, 15). In particular, Mr. Anaya argued that the search warrant was not supported by an allegation that he "committed a felony or caused death or great bodily injury while driving under the influence of alcohol[.]" (Doc. 11 at 1); *see also* (Doc. 1 at 5).

In the *Proposed Findings and Recommendations* (the "PFRD"), (Doc. 22), filed April 13, 2022, the undersigned found that Mr. Anaya is procedurally barred from obtaining federal habeas relief for his Fourth Amendment claim under *Stone v. Powell*, 428 U.S. 465 (1976), because the state courts had already provided him an opportunity for a full and fair litigation of his claim. (Doc. 19 at 11). The undersigned also found that even if Mr. Anaya were not procedurally barred from raising his Fourth Amendment

---

[1] Mr. Anaya had filed two prior petitions in this Court, but they were dismissed without prejudice for failure to exhaust his state court remedies, meaning the petition which initiated the instant case was not second or successive. *See* (Doc. 1 in 21-cv-460 WJ/GJF); (Doc. 1 in 21-cv-650 JCH/SCY); *Slack v. McDaniel*, 529 U.S. 437, 473 (2000).

claim before this Court, he nevertheless failed to show that the search warrant to obtain his blood violated the Fourth Amendment. *Id.* at 13.

On March 23, 2022, Mr. Anaya filed another petition, which was initially filed in another proceeding, 22-cv-231 KWR/KK. United States District Judge Kea W. Riggs construed this as a motion to amend, and ordered the Clerk to re-file the petition in the instant proceeding. (Doc. 2 in 22-cv-231 KWR/KK). This petition was entered onto the docket in the instant case on April 28, 2022. (Doc. 20). On May 25, 2022, Mr. Anaya filed a third petition in the instant case. (Doc. 22).

On May 26, 2022, the Court adopted the PFRD, (Doc. 22), and denied Mr. Anaya's Petition. (Doc. 21). The Court, however, in its *Order Adopting Chief Magistrate Judge's Proposed Findings and Recommended Disposition*, (Doc. 21), declined to dismiss the matter with prejudice, given Mr. Anaya's pending petitions. Instead, the Court construed his petitions as a motion to amend and set a briefing schedule. (Doc. 21 at 2). Respondents timely filed their Response on June 14, 2022. (Doc. 25). Mr. Anaya's reply was due July 5, 2022, which date has since passed. (Doc. 23). The Motion to Amend is therefore fully briefed.

Mr. Anaya has also filed a fourth *Petition for Writ of Habeas Corpus*, (Doc. 24), and an *Application for Certificate of Appealability*, (Doc. 26), which the Court will consider together with his Motion to Amend, (Doc. 20); (Doc. 22).

## II. Legal Standard

A petition for a writ of habeas corpus "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." 28 U.S.C. § 2242. A plaintiff who seeks to amend his complaint more than twenty-one days after service

4

must obtain either written consent from the opposing parties or leave of the court. FED. R. CIV. P. 15(a)(1)-(2). "Courts are supposed to give leave to amend 'freely . . . when justice so requires.'" *Warnick v. Cooley*, 895 F.3d 746, 754 (10th Cir. 2018) (quoting FED. R. CIV. P. 15(a)(2)). "Rule 15(a)'s purpose is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than procedural niceties." *Id.* at 755 (quotation marks and internal citations omitted).

The decision to grant leave to amend "lies within the district court's discretion." *Id*. Denial of such leave may be justified upon a showing of undue burden, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment.[2] *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365-66 (10th Cir. 1993).

**III.   Analysis**

In Mr. Anaya's Motion to Amend, he once more argues that his blood draw constituted a violation of his Fourth Amendment right to freedom from unreasonable searches and seizures. (Doc. 20 at 30: (Doc. 22 at 3). To the extent that Mr. Anaya adds additional information in his Motion to Amend, he indicates that he was stopped in San Miguel County, whereas the officer said he was in another county. (Doc. 20 at 3). He alleges that "no search warrant could lawfully have been obtained." *Id.*

Respondents contend that Mr. Anaya's proposed amendment would be futile, as in each of his three subsequent pleadings, he merely repeats his contention from the Original Petition that his Fourth Amendment right to freedom from unreasonable

---

[2] Rule 16's additional requirement that the plaintiff demonstrate good cause to amend the complaint does not apply here, because the Court did not enter a scheduling order setting amendment deadlines. *See* FED. R. CIV. P. 16(b)(4).

searches and seizures was violated by an illegal blood draw. (Doc. 25 at 4). They thus contend that "there is no indication that Mr. Anaya seeks to assert a matter that was either overlooked or not known to him at the time he filed his original petition." *Id.* at 3-4.

The Court need not grant leave to amend where the proposed amendment would be futile. *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1288 (10th Cir. 2008) (internal quotation omitted).

As a *pro se* litigant, Mr. Anaya's pleadings are to be "liberally construed." *Sines v. Wilner*, 609 F.3d 1070, 1074 (10th Cir. 2010) (citation omitted). Liberal construction requires courts to make some allowance for a *pro se* litigant's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted). Indeed, *pro se* litigants are held to "less stringent standards" than those expected of lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, a *pro se* litigant's pleadings are to be judged by the same legal standards that apply to all litigants, and he must still abide by the applicable rules of court. *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994). In addition, a court cannot "assume the role of advocate" for the litigant, nor is it required to fashion his arguments for him. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted); *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994) (citations omitted).

Here, in Mr. Anaya's Original Petition, the ground he cited for relief is as follows: "[a]n illegal search for my blood which was a violation of my [F]ourth Amendment [r]ights to be free from illegal search and [seizures]." (Doc. 1 at 5). Similarly, in Mr. Anaya's Motion to Amend he states that the "[F]ourth Amendment was violated [by an] unreasonable search on a blood test which constituted [an] unreasonable search which was illegal search and seizures," (Doc. 20 at 3), and that "defendant's refusal to consent to blood draw violated defendant's rights against unreasonable search and seizure," (Doc. 22 at 3). In his fourth *Petition for Writ of Habeas Corpus*, (Doc. 24), which the Court construes as a supplement, Mr. Anaya likewise asserts that the officer's "warrantless request that defendant consent to [a] warrantless blood draw was [an] unreasonable aggravation of [a] charge for driving while intoxicated." (Doc. 24 at 2).

To the extent that Mr. Anaya objects to the constitutionality of the warrant itself, the undersigned has already found that there was a valid underlying felony to support a search warrant. (Doc. 19 at 13). He thus objects to the same conduct on the same constitutional grounds that have already been rejected by the Court. *See* (Doc. 19); (Doc. 21). The undersigned therefore finds that this proposed amendment is futile. To the extent that Mr. Anaya alleges that the blood draw was warrantless, as stated above, here the blood draw was conducted pursuant to a lawful search warrant, which is itself in the record. *See* (Doc. 19 at 13); (Doc. 10-1 at 186). Amendment of his Original Petition to include these allegations would thus also be futile, as the so-amended petition would remain subject to dismissal.

In Mr. Anaya's *Application for Certificate of Appealability*, (Doc. 26), he requests that the Court issue a Certificate of Appealability. For the reasons discussed above,

however, the Court finds that Mr. Anaya should not be issued a certificate of appealability pursuant to 28 U.S.C. § 2253(c), because he has failed to make a substantial showing of the denial of a constitutional right.

## IV. Conclusion

The Court therefore **RECOMMENDS** that Mr. Anaya's Motion to Amend be **DENIED**, and that this case be **DISMISSED WITH PREJUDICE**.

The Court further **RECOMMENDS** that the Court **DECLINE** to issue a certificate of appealability, because Mr. Anaya has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c).

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE